UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| VERA PRICE, ) | Civil Action No.: 4:04-23053-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| CAROLINAS HOSPITAL SYSTEM, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I.      INTRODUCTION**

This is an employment discrimination case.  Plaintiff, proceeding pro se, filed her complaint on November 19, 2004.  On January 5, 2005, the United States Marshals Service executed a return of service (Document # 5) indicating that Sue Dorsel, an Administrative Service Coordinator for Defendant, was personally served with a copy of the Summons and Complaint on December 28, 2004.

On September 21, 2006, the undersigned entered an Order (Document # 9) noting that Defendant had not filed an answer or otherwise appeared and directing the parties "to inform this court within ten (10) days from the date of this Order as to their intentions with regard to this case and/or file appropriate motions pursuant to the Federal Rules of Civil Procedure."  On October 10, 2006, Plaintiff filed a response (Document # 11) to the Order, stating verbatim,

> I, Vera J. Price, as the plaintiff, has filed a complaint with the District Court on November 19, 2004 against Carolinas Hospital System, and because I would like to have a good working record for the 10 years of service I've work for Carolinas Hospital I wanted my day in court to prove my case.  I would have like a Jury-trial. Because I know there's people like me have been treated unfair in the work place. I would have loved for my day in court to have been set.  Because I think this is so

unfair to me, to have to filed any document to Represent myself on time and the defendant just do not answer. I would like for the court to enter a default judgment under FRCP Rule 55.

Because Plaintiff requests that the court enter default judgment, the undersigned will treat her response as a Motion for Default Judgment. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because Plaintiff's Motion for Default Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II.  FACTUAL BACKGROUND

Plaintiff's complaint contains the following allegations in the section entitled, "Statement of Claim:"

> 1. I was terminated on November 19, 2003
> 2. I did not go through a process of termination, instead my former director Ronnie Welch immediately terminated me.
> 3. I had the opportunity to go through a Grievance with Carolinas Officials but I had no one to hear my side.

Complaint (Document # 2) at 3. In the section entitled, "Relief," Plaintiff states,

> I want this court to agree that I was wrongfully terminated and was not given a fair grievance, and I was discriminated against on the basic of race and disability and agree that my Director Ronnie Welch terminated me for paper work that he alound his self and another co-worker to committ fraud.

Id. at 5.

Plaintiff attaches to her Complaint a copy of the Charge of Discrimination she filed with the South Carolina Human Affairs Commission (SCHAC) and the Equal Employment Opportunity Commission (EEOC).

**III.    DISCUSSION**

Rule 55(a), Fed.R.Civ.P. provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the default." Rule 55(b), Fed.R.Civ.P., provides for the entry of judgment by default. Pursuant to Rule 54(c), Fed.R.Civ.P., "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

Upon a defendant's default, "the well-pleaded allegations of the complaint are to be accepted as true, except those relating to the amount of damages." Patray v. Northwest Pub., Inc., 931 F.Supp. 865, 869 (S.D.Ga. 1996) (citing Sales v. Republic of Uganda, 828 F.Supp. 1032, 1038 (S.D.N.Y.1993)). However, "[t]he complaint must state a cause of action." Id. (citing 6 Moore's Fed.Prac. ¶ 55.02[3] at 55-9). In other words, "[j]udgment by default may be granted only for such relief as may lawfully be granted upon the well-pleaded facts alleged in the complaint." Id. (citing 6 Moore's Fed.Prac. ¶ 55.02[2] at 55-20). Furthermore, "[w]hile the well-pleaded facts alleged in the complaint are deemed admitted on entry of default, plaintiff's conclusions of law are not deemed admitted or established, and the court may grant only the relief for which a sufficient basis is asserted in the complaint." Id. (citing 6 Moore's Fed.Prac. ¶ 55.02[2] at 55-20 (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well pleaded or to admit conclusions of law")).

Plaintiff is a pro se litigant, and thus her pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th

Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. However, liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the present case, Plaintiff alleges that she did not go through a process of termination, but was terminated immediately and was not provided a fair grievance process. These factual allegations are deemed admitted.

Plaintiff further alleges that she was wrongfully terminated on the basis of race and disability. However, these allegations amount to conclusions of law and, thus, are not admitted or established by virtue of Defendant's failure to answer. The Court may grant relief only for which a sufficient basis has been asserted by Plaintiff. In other words, for the Court to enter judgment, the facts deemed to be true by way of Defendant's default must still state a claim for which relief may be granted.

To establish a prima facie case of discriminatory discharge under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., Plaintiff must show that (1) she has a disability; (2) that she is a qualified individual; and (3) that the employer discriminated against her because of her disability. Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997). Even under the liberal construction afforded to Plaintiff's Complaint, Plaintiff's allegations fail to establish a violation of the ADA. Plaintiff merely asserts that she was discriminated against on the basis of disability. She fails to set forth the type of disability, which would determine whether she is a

qualified individual under the ADA, or how Defendant discriminated against her because of her disability. Therefore, default judgment as to Plaintiff's ADA claim is not proper.

To establish a <u>prima facie</u> case of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, Plaintiff must show (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. <u>Bryant v. Bell Atlantic Maryland, Inc.</u>, 288 F.3d 124, 133 (4th Cir. 2002). Even under the liberal construction standards applicable for <u>pro se</u> pleadings, Plaintiff fails to show a <u>prima facie</u> case under Title VII. First, the allegations in the Complaint fail to show she is a member of a protected class.[1] The Complaint alleges she worked for Defendant for ten years and never made an error similar to the one for which she was terminated, leading to an inference that her job performance had been satisfactory, but admitting an error prior to termination. She clearly alleges an adverse employment action. However, the Complaint fails to allege that similarly situated white employees were treated more favorably in the same circumstance. Thus, default judgment is also not appropriate for Plaintiff's Title VII claim.

## IV.    CONCLUSION

In light of the above analysis, it is recommended that the clerk enter Defendant's default in the docket as required by Rule 55(a), Fed.R.Civ.P., but that Plaintiff's Motion for Default Judgment (Document # 11) be denied. Furthermore, because Plaintiff's Complaint fails to allege facts sufficient to state a cause of action, her case is subject to dismissal. Therefore, it is further

---

[1] From the Charge of Discrimination attached to the Complaint, it appears that Plaintiff is African-American, a protected class under Title VII.

recommended that this case be dismissed without prejudice.

If the district judge does not agree with the above recommendation regarding liability and believes the Complaint adequately sets forth a claim under the ADA or Title VII, Plaintiff's only available remedy is declaratory relief as it is the sole remedy sought in the Complaint.[2] Plaintiff does not seek injunctive or monetary relief. Accordingly, if the district judge determines that default judgment is appropriate based on the allegations in the Complaint, it is recommended that Plaintiff be awarded a declaration that she was wrongfully discharged.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 15, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**

---

[2] As noted above, pursuant to Rule 54(c), Fed.R.Civ.P., "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."